(173 App. Div. 407)

PEOPLE ex rel. NEW YORK CENT. R. CO. v. PUBLIC SERVICE COMMISSION OF NEW YORK, SECOND DIST.

(Supreme Court, Appellate Division, Third Department.    June 30, 1916.)

1. RAILROADS ⬡216—OPERATION—SIDE TRACKS—STATUTE.

Under Public Service Commissions Law (Consol. Laws, c. 48) § 27, requiring a railroad, upon application of shippers, to provide side tracks and switch connections, when sufficiently practicable and business therefor is sufficient, and authorizing the commission to direct the construction or order discontinuance of such switch connections, where relator permitted a lighting company to reconstruct at its own expense a trestle and coal pit, the coal pit being incidental to the structure, and constituting no structure separate and apart from the side track, according to specifications furnished by and acceptable to relator, an order of the commission, directing the relator to maintain and operate a side track on the structure, was authorized.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 713; Dec. Dig. ⬡216.]

2. RAILROADS ⬡216—SIDE TRACKS—STATUTE—CONSTRUCTION.

Under the Public Service Commissions Law, the Public Service Commission was within its statutory power in declining to permit the relator to discontinue on 30 days' notice the use of a side track on a structure which the relator had allowed the lighting company to reconstruct at considerable expense.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 713; Dec. Dig. ⬡216.]

Certiorari by the People, on the relation of the New York Central Railroad Company, against the Public Service Commission of the State of New York, Second District, to review an order of the Public Service Commission directing the relator to maintain and operate a side track on its premises in Dundee, N. Y.    Determination confirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Harris, Beach, Harris & Matson, of Rochester (D. M. Beach, of Rochester, of counsel), for relator.

Ledyard P. Hale, of Albany, for Public Service Commission.

COCHRANE, J.    The Dundee electric lighting plant maintains a power house immediately adjoining the premises of the relator in the village of Dundee.    For a number of years the relator and its predecessor have maintained a side track on the railroad premises for the purpose of supplying the lighting plant with coal.    At the place where the coal is unloaded the track is elevated above the ordinary grade and runs on a trestle, consisting of wooden stringers resting on abutments, on which stringers the rails of the track are placed, so that the

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cars of coal may be placed on such trestle and conveniently unloaded onto the ground, whence the coal is removed to the power house of the lighting plant. This place of deposit or unloading is called a "coal pit," but there is no substantial depression beneath the surface of the earth. Some grading has been necessary in order to make it conveniently usable for the purpose for which it was intended. In the year 1915 the trestle became unsafe, and its use was discontinued by the relator until it was reconstructed or repaired by the lighting company satisfactorily to the relator.

Two proposed agreements were submitted to the lighting company by the relator, one with reference to the the side track, and the other with reference to the coal pit, but neither was executed. The lighting company thereafter filed a complaint with the Public Service Commission against the relator because of its discontinuance of the said track. A hearing was had before the commission, and pending the proceeding and about October 23, 1915, the relator submitted to the lighting company another proposed agreement relating both to the side track and the coal pit, with the idea, as it is claimed, that such agreement would supersede the pending proceeding before the commission. The agreement, however, not being entirely satisfactory to the lighting company, it was submitted to the commission, and that body made the order complained of, providing that the relator "shall reconstruct so far as necessary for safe and convenient operation said side track 'and structure, and shall maintain and operate the same," subject to the terms of the last-mentioned contract, with one paragraph eliminated, which allowed the parties to terminate the contract on 30 days' notice, and in place of such eliminated paragraph the commission gave permission to the railroad company at its option to substitute another provision whereby the contract might be terminated subject to law 30 days after written notice by either party to the other.

[1] The authority of the commission to make the order under review is section 27 of the Public Service Commissions Law, which requires a railroad corporation, upon the application of any shipper, to "provide upon its own property a side track and switch connection with its line of railroad, whenever such side track and switch connection is reasonably practicable, can be put in with safety, and the business therefor is sufficient to justify the same," and authorizing the commission to investigate and under proper circumstances to "make an order directing the construction and establishment thereof, specifying the reasonable compensation to be paid for the construction, establishment and maintenance thereof," and providing that the commission "may in like manner upon the application of the railroad corporation order the discontinuance of such switch connection."

It is contended by the relator that under the foregoing statutory provisions the commission had no power to give directions as to the coal pit. The order in question does not in terms contain any directions as to the coal pit, but only as to the "side track and structure." From what has been stated it can readily be seen that the coal pit is a mere incident to the side track. It is a convenient place for unloading coal for the use of the lighting company. It constitutes no "structure" separate and apart from the side track itself. The side

track is simply elevated at the point in question and built on a trestle, so as to serve the convenience of the relator and the lighting company in unloading coal at this point for the use of the lighting company. If the track were removed at this point, there would be nothing left. The coal pit, so called, is not, properly speaking, the name of a structure, but the designation of a place over which the side track extends. It really means substantially nothing except the side track itself so adjusted and built as to subserve the convenience of the parties, and any direction given by the commission in the order complained of concerning the coal pit means only the side track as constructed at that point with reference to the use for which said side track is maintained.

The trestle has been reconstructed by the lighting company according to specifications furnished by and acceptable to the relator, and the expense thereof to the lighting company, including certain grading essential to the proper use and enjoyment of the so-called coal pit, is stated to have been about $1,000. Whether the commission should or could under the statute order such a structure to be provided is a question not here involved, because it has been provided by the lighting company at its own expense with the consent of the relator, and the only question now is as to the power of the commission to give directions concerning the maintenance of the side track of the relator built upon this trestle. The commission could certainly order the side track to be built by the relator up to the property of the lighting company, so as to unload the coal directly thereon. The trestle and coal pit, so called, are there by the consent of the relator, and we think the commission has ample authority under the statute to give directions as to the proper maintenance and operation of the track upon the trestle.

[2] Relator also urges that the commission exceeded its authority in not permitting the relator to discontinue the use of the side track on 30 days' notice; but the statute seems to give ample power to the commission to order the continuance or discontinuance of the side track and connection on such terms and conditions as may be proper. The relator, having permitted the lighting company to reconstruct the trestle at considerable expense, certainly cannot now arbitrarily impose on it the condition that the side track may be discontinued at the will of the relator on 30 days' notice, and the commission was clearly within its statutory power in declining to make the lighting company subject to such a condition.

The determination should be confirmed, with $50 costs and disbursements. All concur.